IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Oscar R. Aleman, | ) | Case No. 8:23-cv-06894-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| R/O Dep. C. Reynolds, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's amended complaint alleging violations of his civil rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Bristow Marchant[1] for pre-trial proceedings and a Report and Recommendation ("Report"). On April 24, 2024, Defendant filed a motion to dismiss for lack of prosecution. ECF No. 50. This Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences for failing to respond adequately. ECF No. 51. Despite the explanation of the summary judgment/dismissal procedure and the possible consequences for failing to respond, Plaintiff did not respond. On July 29, 2024, the Magistrate Judge issued a Report recommending that Defendant be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. ECF No. 42. The Magistrate Judge advised Plaintiff of the

---

[1] This action was initially assigned to then-United States Magistrate Judge Jacquelyn D. Austin.

procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff has not filed objections to the Report and the time to do so has lapsed.[2]

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

---

[2] The Court notes that the *Roseboro* order and the Report have been returned as undeliverable. Plaintiff was specifically warned that it is his responsibility to keep the Court apprised of his current address. ECF No. 6.

As noted above, Plaintiff did not file objections to the Report. Upon review for clear error, the Court agrees with the recommendation of the Magistrate Judge. This action is **DISMISSED** with prejudice pursuant to Rule 41(b).[3]

IT IS SO ORDERED.

                                                  s/ Donald C. Coggins, Jr.
                                                  United States District Judge

October 30, 2024
Spartanburg, South Carolina

---

[3] The motion to dismiss [50] is FOUND as MOOT.